UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATALIE R. SANDLER, Ph.D.,

                    Plaintiff,

     - against -                                          13-cv-6284 (GBD)

CRISTINA L. ALFAR; TRUDITH SMOKE; and
HUNTER COLLEGE OF THE CITY UNIVERSITY
OF NEW YORK,

                    Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8426
william.taylor@ag.ny.gov

WILLIAM J. TAYLOR, JR.
Assistant Attorney General
     *Of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF ALLEGED FACTS ................................................................................ 2

A. The Parties ............................................................................................................... 3
B. The Alleged Adverse Employment Action ............................................................. 3
C. The EEOC Proceeding ............................................................................................ 4
D. The Present Action .................................................................................................. 5

ARGUMENT ......................................................................................................................... 6

POINT I  -   ALL OF SANDLER'S CLAIMS AGAINST CUNY, AS WELL AS HER
            CLAIMS AGAINST ALFAR AND SMOKE IN THEIR OFFICIAL
            CAPACITIES, ARE BARRED BY THE ELEVENTH AMENDMENT ............... 6

POINT II  -  SANDLER'S § 1983 CLAIMS ARE PREEMPTED BY THE ADEA ................... 9

A. Count Two Should Be Dismissed Because the ADEA Preempts All § 1983
   Claims for Age Discrimination ............................................................................... 9

B. In Any Event, Count Two Should Be Dismissed Because Sandler's § 1983
   Claim Is Not Based on a "Distinct Violation of a Constitutional Right" ......................... 13

POINT III  -   SANDLER HAS FAILED TO ADEQUATELY ALLEGE ANY
              OF HER CLAIMS ......................................................................................... 15

A. Sandler Has Failed to State a Claim for Age-Based Employment Discrimination ........... 16

B. Each of Sandler's Claims Against Smoke Fails for Lack of the Requisite Personal
   Involvement ............................................................................................................. 20

POINT IV  -   SANDLER'S CLAIMS AGAINST ALFAR AND SMOKE ARE
             ALSO BARRED ON QUALIFIED IMMUNITY GROUNDS .......................... 21

POINT V  -   TO THE EXTENT ANY STATE AND CITY LAW CLAIMS
            REMAIN, THE COURT SHOULD DECLINE TO EXERCISE
            SUPPLEMENTAL JURISDICTION OVER THEM .......................................... 22

CONCLUSION ...................................................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*5 Borough Pawn, LLC* v. *City of New York*,
 640 F. Supp. 2d 268 (S.D.N.Y. 2009)...................................................................22

*Adams* v. *N.Y. State Educ. Dep't*,
 752 F. Supp. 2d 420 (S.D.N.Y. 2010)...................................................................17

*Ahlmeyer* v. *Nev. Sys. of Higher Educ.*,
 555 F.3d 1051 (9th Cir. 2009) ........................................................2, 9-10, 12-13

*Amaker* v. *N.Y. State Dep't of Corr. Servs.*,
 435 F. App'x 52 (2d Cir. 2011) ............................................................................9

*Anand* v. *N.Y. State Dep't of Taxation & Fin.*,
 No. CV10-5142, 2013 U.S. Dist. LEXIS 104424 (E.D.N.Y. May 28, 2013) , *adopted
 by* 2013 U.S. Dist. LEXIS 104291 (E.D.N.Y. July 25, 2013) ................................9, 12-14, 16

*Anderson* v. *Davis, Polk & Wardwell LLP*,
 850 F. Supp. 2d 392 (S.D.N.Y. 2012)...................................................................16

*Ashcroft* v. *Iqbal*,
 556 U.S. 662 (2009)...............................................................................................15

*Barbosa* v. *Continuum Health Partners, Inc.*,
 716 F. Supp. 2d 210 (S.D.N.Y. 2010).............................................................15, 17

*Barroso* v. *Office of Gen. Counsel*,
 No. 12-CV-625, 2013 U.S. Dist. LEXIS 112701 (E.D.N.Y. Aug. 9, 2013).................... 1, 6-8

*Bivens* v. *Six Unknown Named Agents of the Fed. Bureau of Narcotics*,
 403 U.S. 388 (1971)...............................................................................................10

*Briggs* v. *Potter*,
 463 F.3d 507 (6th Cir. 2006) ................................................................................10

*Britt* v. *Merrill Lynch & Co.*,
 No. 08 CV 5356 (GBD), 2011 U.S. Dist. LEXIS 96881 (S.D.N.Y. Aug. 26, 2011) ........18, 20

*Butts* v. *N.Y.C. Dep't of Hous. Pres. & Dev.*,
 307 F. App'x 596 (2d Cir. 2009) ...........................................................................9

*Chambers* v. *Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002)...............................................................................3-4

*Chennareddy* v. *Bowsher*,
   935 F.2d 315 (D.C. Cir. 1991) ...............................................................................10

*Clissuras* v. *City Univ. of N.Y.*,
   359 F.3d 79 (2d Cir. 2004)...............................................................................1, 6

*Darcy* v. *Lippman*,
   356 F. App'x 434 (2d Cir. 2009) ............................................................................8

*De La Cruz* v. *City of New York*,
   783 F. Supp. 2d 622 (S.D.N.Y. 2011).................................................................17

*Diggs* v. *Marikah*,
   No. 11 Civ. 6382(PAE), 2012 U.S. Dist. LEXIS 38483 (S.D.N.Y. Mar. 20, 2012) ..............21

*Donlon* v. *Bd. of Educ. of Greece Cent. Sch. Dist.*,
   No. 06-CV-6027T, 2007 U.S. Dist. LEXIS 93492 (W.D.N.Y. Dec. 20, 2007) ...............11, 12

*Feingold* v. *New York*,
   366 F.3d 138 (2d Cir. 2004).................................................................................8

*Fitzgerald* v. *Barnstable Sch. Comm.*,
   555 U.S. 246 (2009).............................................................................................11

*Foster* v. *Humane Soc'y of Rochester & Monroe Cnty.*,
   724 F. Supp. 2d 382 (W.D.N.Y. 2010) ......................................................... 18-19

*Gengo* v. *City Univ. of N.Y.*,
   No. 07-CV-681, 2011 U.S. Dist. LEXIS 32713 (E.D.N.Y. Mar. 29, 2011), *aff'd*, 479
   F. App'x 382 (2d Cir. 2012) ...........................................................................7-8

*Gollomp* v. *Spitzer*,
   568 F.3d 355 (2d Cir. 2009)..................................................................................6

*Gorokhovsky* v. *City of New York*,
   No. 10 Civ. 8848, 2011 U.S. Dist. LEXIS 54941 (S.D.N.Y. May 19, 2011)...........................9

*Gregor* v. *Derwinski*,
   911 F. Supp. 643 (W.D.N.Y. 1996) ....................................................................12

*Hirschfeld* v. *Spanakos*,
   909 F. Supp. 174 (S.D.N.Y. 1995).......................................................................21

*Papineau* v. *Parmley*,
   465 F.3d 46 (2d Cir. 2006)...................................................................................21

*Kimel* v. *Fla. Bd. of Regents*,
   528 U.S. 62 (2000)...........................................................................................7, 9

*King* v. *U.S. Sec. Assocs.*,
No. 11 Civ. 4457, 2012 U.S. Dist. LEXIS 133339 (S.D.N.Y. Aug. 22, 2012) *adopted by* 2012 U.S. Dist. LEXIS 133345 (S.D.N.Y. Sept. 18, 2012) ................................................. 16

*Klein & Co. Futures, Inc.* v. *Bd. of Trade*,
464 F.3d 255 (2d Cir. 2006), *cert. granted*, 550 U.S. 956, *cert. dismissed*, 552 U.S. 1085 (2007) .................................................................................................................. 22

*Koumantaros* v. *City Univ. of N.Y.*,
No. 03 Civ. 10170, 2007 U.S. Dist. LEXIS 19530 (S.D.N.Y. Mar. 15, 2007) ......................... 8

*Kurian* v. *Forest Hills Hosp.*,
No. 12-CV-4539, 2013 U.S. Dist. LEXIS 99120 (E.D.N.Y. July 15, 2013) .................... 15-16

*Lafleur* v. *Tex. Dep't of Health*,
126 F.3d 758 (5th Cir. 1997) .......................................................................................... 10, 13

*Lang* v. *N.Y.C. Health & Hosps. Corp.*,
No. 12 Civ. 5523, 2013 U.S. Dist. LEXIS 126876 (S.D.N.Y. Sept. 5, 2013) ......................... 21

*Levin* v. *Madigan*,
692 F.3d 607 (7th Cir. 2012), *cert. granted*, 133 S. Ct. 1600, *cert. dismissed as improvidently granted*, 187 L. Ed. 2d 1 (2013) ................................................................. 10, 13

*Liburd* v. *Bronx Lebanon Hosp. Ctr.*,
No. 07 Civ. 11316, 2008 U.S. Dist. LEXIS 62867 (S.D.N.Y. Aug. 18, 2008) ....................... 19

*Loksen* v. *Columbia Univ.*,
No. 12 Civ. 7701, 2013 U.S. Dist. LEXIS 144844 (S.D.N.Y. Oct. 4, 2013) ......................... 15

*Mary Jo C.* v. *N.Y. State & Local Ret. Sys.*,
707 F.3d 144 (2d Cir. 2013), *cert. dismissed*, 133 S. Ct. 2823 (2013) ..................................... 6

*Middlesex Cnty. Sewerage Auth.* v. *Nat'l Sea Clammers Ass'n*,
453 U.S. 1 (1981) ................................................................................................................. 11

*Migneault* v. *Peck*,
158 F.3d 1131 (10th Cir. 1998), *vacated on other grounds sub nom. Bd. of Regents of Univ. of N.M.* v. *Migneault*, 528 U.S. 1110 (2000), *reaffirmed by Migneault* v. *Peck*, 204 F.3d 1003, 1004 n.1 (10th Cir. 2000) ............................................................... 10, 11, 13

*Mitchell-White* v. *Northwest Airlines, Inc.*,
446 F. App'x 316 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 2432 (2012) ................................ 18

*Nance* v. *City of New York*,
09-CV-2786, 2011 U.S. Dist. LEXIS 75903 (S.D.N.Y. July 14, 2011) ........................... 16-20

*Payne* v. *Malemathew*,
No. 09-CV-1634, 2011 U.S. Dist. LEXIS 80649 (S.D.N.Y. July 22, 2011) .................... 18-19

*Pollner* v. *John Jay Coll. of Crim. Justice/CUNY*,
No. 12-CV-5978, 2013 U.S. Dist. LEXIS 104468 (S.D.N.Y. July 18, 2013) ...................... 7-8

*Preiser* v. *Rodriguez*,
411 U.S. 475 (1973)................................................................................................11

*Purdy* v. *Town of Greenburgh*,
166 F. Supp. 2d 850 (S.D.N.Y. 2001)...................................................................12

*Ray* v. *Nimmo*,
704 F.2d 1480 (11th Cir. 1983) ...........................................................................10

*Reale* v. *Jenkins*,
No. 92 Civ. 7234, 1993 U.S. Dist. LEXIS 1348 (S.D.N.Y. Feb. 8, 1993) ...................... 11-12

*Reichle* v. *Howards*,
132 S. Ct. 2088 (2012).....................................................................................21-22

*Romaine* v. *N.Y.C. Coll. of Tech. of the City Univ. of N.Y.*,
No. 10-CV-431, 2012 U.S. Dist. LEXIS 76523 (E.D.N.Y. May 30, 2012) ...........................15

*Saulpaugh* v. *Cmty. Hosp.*,
4 F.3d 134 (2d Cir. 1993) ..................................................................................12, 14

*Saunders* v. *NYC Dep't of Educ.*,
No. 07 CV 2725, 2010 U.S. Dist. LEXIS 4544 (E.D.N.Y. Jan. 19, 2010)............................21

*Schwartz* v. *York Coll.*,
No. 06-CV-6754, 2009 U.S. Dist. LEXIS 94510 (E.D.N.Y. Mar. 31, 2009)...........................6

*Shapiro* v. *N.Y.C. Dep't of Educ.*,
561 F. Supp. 2d 413 (S.D.N.Y. 2008), *aff'd in part and vacated and remanded in part on other grounds sub nom. Hrinsko* v. *N.Y.C. Dep't of Educ.*, 369 F. App'x 232, 234 n.2 (2d Cir. 2010)................................................................................................11, 12

*Skalafuris* v. *City of New York*,
444 F. App'x 466 (2d Cir. 2011) ...........................................................................7

*Smith* v. *Robinson*,
468 U.S. 992 (1984)............................................................................................11

*Tapia-Tapia* v. *Potter*,
322 F.3d 742 (1st Cir. 2003)................................................................................10

*Thomas* v. *N.Y.C. Dep't of Educ.*,
    No. 10-CV-464, 2013 U.S. Dist. LEXIS 48271 (E.D.N.Y. Mar. 29, 2013) ........................... 14

*Tranello* v. *Frey*,
    758 F. Supp. 841 (W.D.N.Y. 1991), *aff'd on other grounds*, 962 F.2d 244 (2d Cir.
    1992) ........................................................................................................................................ 12

*United States* v. *City of New York*,
    683 F.Supp.2d 225 (E.D.N.Y. 2010), *aff'd in part and vacated in part on other*
    *grounds*, 717 F.3d 72 (2d Cir. 2013) .................................................................................... 22

*Va. Office for Prot. & Advocacy* v. *Stewart*,
    131 S. Ct. 1632 (2011) ......................................................................................................... 6

*White* v. *Olivar*,
    No. 11 Civ. 3725 (GBD) (MHD), 2012 U.S. Dist. LEXIS 97983 (S.D.N.Y. July 12,
    2012) ................................................................................................................................ 20-21

*Zombro* v. *Balt. City Police Dep't*,
    868 F.2d 1364 (4th Cir. 1989) ...................................................................................... 10, 13

*Zucker* v. *Five Towns Coll.*,
    No. 09-CV-4884, 2010 U.S. Dist. LEXIS 85441 (E.D.N.Y. Aug. 18, 2010) ................... 17-20

## STATUTES

28 U.S.C. § 1367 .......................................................................................................................... 22

Age Discrimination in Employment Act, 29 U.S.C.
    § 621 *et seq.* (the "ADEA") ............................................................................................ *passim*

42 U.S.C. § 1983 .................................................................................................................... *passim*

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* .............................................. 4

N.Y. Educ. Law
    § 6202 ..................................................................................................................................... 1
    § 6203 ..................................................................................................................................... 1

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL") ....... *passim*

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the
    "NYCHRL") ..................................................................................................................... *passim*

Defendants Cristina L. Alfar ("Alfar"); Trudith Smoke ("Smoke"); and The City University of New York (s/h/a Hunter College of The City University of New York) ("CUNY")[1] (collectively the "Defendants"), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion, brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in this action, dated September 5, 2013, and each and every cause of action and request for relief asserted therein in their entirety, with prejudice.

## PRELIMINARY STATEMENT

Plaintiff Natalie R. Sandler, Ph.D. ("Sandler"), a 65 year-old former adjunct Assistant Professor at Hunter College, brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"), 42 U.S.C. § 1983, and New York state and city law, alleging that Hunter's decision not to reappoint her as an adjunct for the 2011-12 academic year constituted unlawful discrimination on the basis of age.

Sandler's claims are without merit, and each should be dismissed by the Court as a matter of law, for several reasons:

*First*, all of Sandler's claims against CUNY, as well as any claims she is alleging against Alfar and Smoke in their official capacities, are barred on Eleventh Amendment sovereign immunity grounds. *See infra* Point I.

---

[1] The only proper institutional defendant in this action is CUNY. CUNY is a distinct corporate body. N.Y. Educ. Law § 6203. Hunter College is a senior college in the CUNY system which is not a legally cognizable entity separate and apart from CUNY. *Id.* § 6202(2) and (5); *Clissuras* v. *City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004); (Cplt. ¶ 9); *see, e.g.*, *Barroso* v. *Office of Gen. Counsel*, No. 12-CV-625, 2013 U.S. Dist. LEXIS 112701, at *11 n.6 (E.D.N.Y. Aug. 9, 2013) ("Because Hunter College is a senior college of CUNY and is not a cognizable entity apart from CUNY, all claims asserted against Hunter College will be treated as claims against CUNY.") Any reference herein to Hunter College is thus also a reference to CUNY.

**Second**, the age discrimination claims that Sandler brings against Alfar and Smoke under § 1983 are preempted by the ADEA, which, as all but one of the federal courts of appeals to consider the question has held, is "the exclusive remedy for claims of age discrimination in employment, even those claims with their source in the Constitution," *Ahlmeyer* v. *Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1060-61 (9th Cir. 2009). *See infra* Point II.

**Third**, Sandler has also failed to adequately allege any of her claims -- under the ADEA; § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the "NYCHRL") -- as to any of the Defendants. Her individual capacity claims against Smoke should be dismissed, in addition, for lack of the requisite personal involvement. *See infra* Point III.

**Fourth**, even if the Court were to find that Sandler has sufficiently alleged her claims, dismissal as to Alfar and Smoke is warranted on qualified immunity grounds. *See infra* Point IV.

**Finally**, to the extent any state or city law claims remain after resolution of this motion to dismiss, the Court should decline to exercise supplemental jurisdiction over those claims, pursuant to 28 U.S.C. § 1367(c)(3). *See infra* Point V.

For all these reasons, discussed in detail below, Defendants' motion should be granted, and the Complaint should be dismissed in its entirety.

## STATEMENT OF ALLEGED FACTS

This statement is based on the allegations in the Complaint ("Cplt.," a copy of which is attached as Exhibit 1 to the accompanying Declaration of William J. Taylor, Jr. ("Taylor Decl."), as well as other documents, noted below, that the Court may properly consider on this motion to dismiss.

**A.**    **The Parties**

Plaintiff Sandler is a 65 year-old former Adjunct Assistant Professor of English at Hunter College.  (Cplt. ¶¶ 1, 6.)  Sandler served as an Adjunct Assistant Professor at Hunter from 1993 until 2011.  (*Id.* ¶ 7.)

Defendant CUNY is the nation's leading urban public university, serving approximately 270,000 students in degree programs -- including over 240,000 undergraduate students – at twelve senior colleges, seven community colleges, and several graduate and professional schools throughout New York City.  (*Id.* ¶ 9.)[2]  Hunter College ("Hunter College" or "Hunter") is a senior college within the CUNY system, located in Manhattan.  (Cplt. ¶ 9.)[3]  Defendant Alfar is the Chair of the English Department at Hunter College and, according to the Complaint, "is responsible for all aspects of the Department's adjunct faculty program, including hiring and firing decisions."  (Cplt. ¶ 11.)  Defendant Smoke is a full-time faculty member in the Hunter College English Department.  (*Id.* ¶ 13.)  Both Alfar and Smoke are members of the English Department's Personnel and Budget Committee at Hunter, which, according to the Complaint, "Defendants allege made the decision not to re-appoint Dr. Sandler."  (*Id.* ¶ 12.)

**B.**    **The Alleged Adverse Employment Action**

In a letter dated April 29, 2011, Alfar, in her role as Chair of the English Department at Hunter, informed Sandler that she would "not be re-appointed as an Adjunct Assistant Professor in the Hunter College Department of English for the Fall term of 2011."  (Ex. 2 (4/29/11 Letter); Cplt. ¶ 28.)  CUNY has explained to Sandler -- including in its position statement to the EEOC in response to Sandler's charge of discrimination, which, by her allegations in the Complaint, Sandler has "incorporated by reference," *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 152-53

---

[2] *See also* http://www.cuny.edu/about.html.

[3] *See also* http://www.hunter.cuny.edu/abouthunter.

(2d Cir. 2002); (Cplt. ¶ 38 (referencing CUNY's assertions in its "position statement to the EEOC")) -- that "she was not reappointed because of her lack of responsiveness to the English Department Chair and Department staff, including her failure to finalize a date for her performance evaluation conference in the Spring 2011 semester to discuss issues of concern to the Department Chair."  (Ex. 3 (4/6/12 CUNY EEOC position statement) at 1; Cplt. ¶¶ 38, 41, 45, 48, 50.)

According to Sandler, she was replaced at Hunter by "Trevor Jockims, a 35 year old male graduate student who does not have a Ph.D. and is significantly less qualified than [her]."  (Cplt. ¶ 33.)  Sandler alleges that Jockims "was appointed to teach the courses that had already been assigned to her."  (*Id.*)  Sandler also alleges that, at the same time that she was not reappointed, two other adjunct professors in Hunter's English Department, Gordon Bastien and Paul Grossman, were also not reappointed and were replaced by younger and "far less qualified" individuals.  (*Id.* ¶¶ 34-35.)  The Complaint asserts that Alfar "was responsible" for the non-reappointment of Bastien and Grossman, "in addition to Dr. Sandler."  (*Id.* ¶ 36.)

C.     **The EEOC Proceeding**

On or about January 1, 2012, Sandler filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC"), alleging that she had been subjected to disparate treatment because of her age in violation of the ADEA.  (Cplt. ¶ 16.)[4]  On January 31, 2012, Sandler then filed her perfected charge with the EEOC, now alleging that CUNY discriminated against her on the basis of both age and sex, under the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), when they failed to reappoint her as an Adjunct Assistant Professor and replaced her with "a less-qualified, younger, male

---

[4] Sandler has not included a copy of the EEOC charge with the Complaint.  CUNY received its copy of Sandler's first, unperfected EEOC charge on January 12, 2012.  (Ex. 4 (1/10/12 EEOC Notice of Charge of Discrimination) at 1.)

graduate student." (Ex. 5 (2/17/12 EEOC Notice of Charge of Discrimination) at 3.) CUNY submitted its position statement to the EEOC, in response to Sandler's charge of discrimination, on April 6, 2012. (Ex. 3.)

On June 26, 2013, the EEOC issued a Dismissal and Notice of Rights with respect to Sandler's discrimination charge. (Ex. 6.) The EEOC determined that, "upon its investigation, [it] is unable to conclude that the information obtained establishes violations of the statutes" it enforces. (*Id.* at 1.)

**D.    The Present Action**

On September 6, 2013, Sandler commenced the present action in this Court, against CUNY, Alfar, and Smoke. Unlike her charge with the EEOC, Sandler no longer asserts any claim of discrimination on the basis of sex. Instead, her only claim in the Complaint is that she was not reappointed as an Adjunct Assistant Professor at Hunter College because of age discrimination. In support of this age discrimination claim, Sandler alleges four causes of action against the Defendants: (i) an ADEA claim against CUNY (Count One); (ii) § 1983 claims against Alfar and Smoke (Count Two); (iii) NYSHRL claims against all Defendants (Count Three); and (iv) NYCHRL claims against all Defendants (Count IV). She seeks both monetary and declaratory relief.

Defendants now move to dismiss for the reasons discussed below.

**ARGUMENT**

**POINT I**

**ALL OF SANDLER'S CLAIMS AGAINST CUNY, AS WELL AS HER CLAIMS AGAINST ALFAR AND SMOKE IN THEIR OFFICIAL CAPACITIES, ARE BARRED BY THE ELEVENTH AMENDMENT**

The bulk of Sandler's claims in this action -- all of her claims against CUNY, as well as her claims against Alfar and Smoke to the extent alleged against them in their official capacities --- are barred by the Eleventh Amendment.

The governing law here is well settled. The Eleventh Amendment bars all federal suits against a State, for any kind of relief, absent the State's unequivocal waiver of its immunity or a valid abrogation of that immunity by Congress pursuant to its authority under Section 5 of the Fourteenth Amendment. *Va. Office for Prot. & Advocacy* v. *Stewart*, 131 S. Ct. 1632, 1638 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *see also, e.g.*, *Gollomp* v. *Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This Eleventh Amendment immunity "extends beyond the states themselves to 'state agencies and state instrumentalities' that are, effectively, arms of a state." *Mary Jo C.* v. *N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013) (quoting *Regents of the Univ. of Cal.* v. *Doe*, 519 U.S. 425, 429 (1997)), *cert. dismissed*, 133 S. Ct. 2823 (2013).

As the Second Circuit has held, CUNY and its senior colleges, including Hunter College, are "arms of the state" for Eleventh Amendment purposes. *Clissuras*, 359 F.3d at 81 & n.2; *see also, e.g.*, *Barroso*, 2013 U.S. Dist. LEXIS 112701, at *10 & n.6; *Schwartz* v. *York Coll.*, No. 06-CV-6754, 2009 U.S. Dist. LEXIS 94510, at *9 & n.8 (E.D.N.Y. Mar. 31, 2009) (collecting cases). Thus, CUNY is entitled to immunity from suit as to all of Sandler's claims in this action, unless a valid waiver or abrogation of immunity exists. *See, e.g.*, *Clissuras*, 359 F.3d at 81; *Barroso*, 2013 U.S. Dist. LEXIS 112701, at *9-10.

The law is clear that there is no such waiver or abrogation here.  As noted, in her Complaint, Sandler alleges three claims against CUNY:  (i) an ADEA claim (Count One), as to which CUNY is the only named defendant; (ii) an NYSHRL claim (Count Three), which is alleged against CUNY, as well as Alfar and Smoke; and (iii) an NYCHRL claim (Count Four), which is also alleged against all Defendants.  (Cplt. ¶¶ 59-72.)  In *Kimel* v. *Florida Board of Regents*, 528 U.S. 62 (2000), the Supreme Court held that state sovereign immunity is not abrogated by the ADEA.  *Id.* at 91 ("[T]he ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment," and its "purported abrogation of the States' sovereign immunity is accordingly invalid.").  Nor has the State of New York waived its sovereign immunity for ADEA claims.  *See Pollner* v. *John Jay Coll. of Crim. Justice/CUNY*, No. 12-CV-5978, 2013 U.S. Dist. LEXIS 104468, at *8 (S.D.N.Y. July 18, 2013) (noting that "New York state had not waived sovereign immunity for ADEA claims").  Accordingly, the Second Circuit and those district courts in this Circuit to address the question have held that ADEA claims against CUNY, like the one Sandler brings in this case, are plainly precluded on Eleventh Amendment grounds.  *See, e.g.*, *Skalafuris* v. *City of New York*, 444 F. App'x 466, 468 (2d Cir. 2011) (holding that ADEA claim against CUNY and one of its senior colleges is barred by the Eleventh Amendment); *Barroso*, 2013 U.S. Dist. LEXIS 112701, at *9-12 (dismissing plaintiff's ADEA claims against CUNY and Hunter College on Eleventh Amendment grounds); *Pollner*, 2013 U.S. Dist. LEXIS 104468, at *6-8 (dismissing ADEA claim against CUNY and one of its senior colleges under the Eleventh Amendment).

Similarly, under settled law, Sandler's NYSHRL claim against CUNY is also barred by the Eleventh Amendment.  *See, e.g.*, *Pollner*, 2013 U.S. Dist. LEXIS 104468, at *8 (holding that NYSHRL claim against CUNY was barred on Eleventh Amendment grounds); *Gengo* v. *City*

*Univ. of N.Y.*, No. 07-CV-681, 2011 U.S. Dist. LEXIS 32713, at *9 n.4 (E.D.N.Y. Mar. 29,

2011), *aff'd*, 479 F. App'x 382 (2d Cir. 2012) (same); *Koumantaros* v. *City Univ. of N.Y.*, No. 03

Civ. 10170, 2007 U.S. Dist. LEXIS 19530, at *14-15 (S.D.N.Y. Mar. 15, 2007) (same).  And

Sandler's NYCHRL must be dismissed on Eleventh Amendment grounds as well, as the Second

Circuit has expressly held that "[t]he City of New York does not have the power to abrogate the

immunity of the State, and [it] ha[s] found no evidence that the State has consented to suit in

federal court under the NYCHRL."  *Feingold* v. *New York*, 366 F.3d 138, 149 (2d Cir. 2004);

*see, e.g.*, *Pollner*, 2013 U.S. Dist. LEXIS 104468, at *9 (dismissing NYCHRL claim against

CUNY under the Eleventh Amendment); *Gengo*, 2011 U.S. Dist. LEXIS 32713, at *9 n.4

(same); *Koumantaros*, 2007 U.S. Dist. LEXIS 19530, at *14-15 (same).

 To the extent Sandler is suing them in their official capacities, Eleventh Amendment

immunity also precludes each of the claims alleged here against Alfar and Smoke.  *See, e.g.*,

*Darcy* v. *Lippman*, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("The Eleventh Amendment

likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in

their official capacities."); *Barroso*, 2013 U.S. Dist. LEXIS 112701, at *10 (dismissing on

Eleventh Amendment grounds ADEA claim alleged against CUNY official in his official

capacity).

 In sum, all of Sandler's claims against CUNY (in Counts One, Three, and Four) and

against Alfar and Smoke in their official capacities (in Counts One, Two, Three, and Four) are

unquestionably barred by the Eleventh Amendment.  Dismissal of each of these claims for lack

of subject matter jurisdiction is thus fully warranted.

## POINT II

### SANDLER'S § 1983 CLAIMS ARE PREEMPTED BY THE ADEA

**A.    Count Two Should Be Dismissed Because the ADEA**
**Preempts All § 1983 Claims for Age Discrimination**

Defendants also submit that Count Two of the Complaint -- Sandler's § 1983 claims for

age discrimination against Alfar and Smoke -- should be dismissed on preemption grounds, as

"the ADEA is the exclusive remedy for claims of age discrimination in employment, even those

claims with their source in the Constitution."  *Ahlmeyer* v. *Nev. Sys. of Higher Educ.*, 555 F.3d

1051, 1060-61 (9th Cir. 2009).[5]

The Second Circuit has yet to decide "whether the ADEA preempts age discrimination

claims based on a violation of the Equal Protection Clause and brought under § 1983."  *Butts* v.

*N.Y.C. Dep't of Hous. Pres. & Dev.*, 307 F. App'x 596, 598 n.1 (2d Cir. 2009) (declining to

address this question); *see, e.g.*, *Anand* v. *N.Y. State Dep't of Taxation & Fin.*, No. CV10-5142,

2013 U.S. Dist. LEXIS 104424, at *18-19 (E.D.N.Y. May 28, 2013) (noting that "[t]he issue of

whether the ADEA precludes a section 1983 claim based on age discrimination . . . has not been

decided in the Second Circuit"), *adopted by* 2013 U.S. Dist. LEXIS 104291 (E.D.N.Y. July 25,

2013); *Gorokhovsky* v. *City of New York*, No. 10 Civ. 8848, 2011 U.S. Dist. LEXIS 54941, at

*33 n.10 (S.D.N.Y. May 19, 2011) ("Whether the ADEA preempts age discrimination claims

brought under § 1983 remains an open question in the Second Circuit.").  Five other federal

courts of appeals have considered this precise question, however.  And four of them -- the Ninth,

Tenth, Fifth, and Fourth Circuits -- have expressly held, as Defendants argue here, that "the

---

[5] As noted, *supra* Point I, to the extent these § 1983 claims are being alleged against Alfar and Smoke in
their official capacities, they are also barred by the Eleventh Amendment.  *See, e.g.*, *Amaker* v. *N.Y. State
Dep't of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) ("To the extent that [a § 1983] claim is asserted
against the state official in his official capacity, he may assert the state's Eleventh Amendment immunity
against suit . . . .").

ADEA creates an exclusive remedy for age discrimination by employers" and that "no claim for relief for age discrimination exists under § 1983." *Ahlmeyer*, 555 F.3d at 1054, 1060-61; *see Migneault* v. *Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *vacated on other grounds sub nom. Bd. of Regents of Univ. of N.M.* v. *Migneault*, 528 U.S. 1110 (2000), *reaffirmed by Migneault* v. *Peck*, 204 F.3d 1003, 1004 n.1 (10th Cir. 2000); *Lafleur* v. *Tex. Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997); *Zombro* v. *Balt. City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989).[6] Only the Seventh Circuit has held to the contrary. *Levin* v. *Madigan*, 692 F.3d 607, 617 (7th Cir. 2012) (holding that the ADEA does not preclude a § 1983 equal protection claim for age discrimination while acknowledging that this was "admittedly a close call").[7]

As those courts to find ADEA preemption of § 1983 claims have reasoned, "[t]he comprehensive remedial scheme of the ADEA demonstrates that Congress intended the ADEA to serve as the exclusive means for pursuing claims of age discrimination in employment," precluding even constitutional claims. *Ahlmeyer*, 555 F.3d at 1058; *see also, e.g.*, *Zombro*, 868 F.2d at 1369 (concluding that "[t]he provisions of the ADEA . . . evidence congressional intent to foreclose actions for age discrimination under § 1983"). Supreme Court precedent makes clear

---

[6] While they have not yet directly addressed the § 1983 question, four additional courts of appeals -- the First, Sixth, D.C., and Eleventh Circuits -- have held that the ADEA provides the exclusive remedy for a federal employee who claims age discrimination, and thus precludes any direct constitutional claims for age discrimination that might be brought against federal officials under the doctrine of *Bivens* v. *Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Tapia-Tapia* v. *Potter*, 322 F.3d 742, 745 (1st Cir. 2003) ("The ADEA provides the exclusive federal remedy for age discrimination in employment."); *Briggs* v. *Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *Chennareddy* v. *Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991); *Ray* v. *Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983); *see also, e.g.*, *Ahlmeyer*, 555 F.3d at 1057 n.5 (collecting cases).

[7] Earlier this year, the Supreme Court granted a writ of certiorari to review the Seventh Circuit's decision and definitively resolve the question whether the ADEA preempts a § 1983 equal protection claim based on age. *Madigan* v. *Levin*, 133 S. Ct. 1600 (2013). But, after oral argument last month -- which focused not the merits of the preemption question, but on whether the Seventh Circuit had jurisdiction to consider this issue and whether the plaintiff was even covered under the ADEA (Ex. 7 (Transcript of S. Ct. oral argument)) -- the Supreme Court, on October 15, 2013, dismissed the writ of certiorari as improvidently granted. *Madigan* v. *Levin*, 187 L. Ed. 2d 1 (2013) (per curiam). The case is now back before the Seventh Circuit on remand.

that under such circumstances -- *i.e.*, "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive" -- preclusion of § 1983 claims is the proper result. *Middlesex Cnty. Sewerage Auth.* v. *Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19-20 (1981); *see, e.g.*, *Fitzgerald* v. *Barnstable Sch. Comm.*, 555 U.S. 246, 252-53 (2009) (noting that, "[i]n determining whether a subsequent statute precludes the enforcement of a federal right under § 1983," the Court has "placed primary emphasis on the nature and extent of that statute's remedial scheme"); *Smith* v. *Robinson*, 468 U.S. 992, 1009 (1984) (holding that the comprehensiveness of the Education Handicapped Act ("EHA") indicates that "Congress intended the EHA to be the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education"); *Preiser* v. *Rodriguez*, 411 U.S. 475, 489 (1973) (holding that § 1983 is unavailable to prisoners attacking their imprisonment because Congress passed the more specific habeas corpus statute).  As the Ninth, Tenth, Fifth, and Fourth Circuits have recognized, that is precisely the situation here, with respect to the ADEA.  *See, e.g.*, *Migneault*, 158 F.3d at 1140 n.8 (holding that plaintiff could not bring "a § 1983 claim grounded in the Equal Protection Clause where, as here, the ADEA provides a comprehensive statutory scheme to address her age discrimination claims").

District courts in the Second Circuit are nevertheless divided on this question.  *Compare, e.g.*, *Shapiro* v. *N.Y.C. Dep't of Educ.*, 561 F. Supp. 2d 413, 420 (S.D.N.Y. 2008) (holding that ADEA does not preempt § 1983 claims for age discrimination), *aff'd in part and vacated and remanded in part on other grounds sub nom. Hrinsko* v. *N.Y.C. Dep't of Educ.*, 369 F. App'x 232, 234 n.2 (2d Cir. 2010), *and Donlon* v. *Bd. of Educ. of Greece Cent. Sch. Dist.*, No. 06-CV-6027T, 2007 U.S. Dist. LEXIS 93492, at *7-8 (W.D.N.Y. Dec. 20, 2007) (same), *with, e.g.*, *Reale* v. *Jenkins*, No. 92 Civ. 7234, 1993 U.S. Dist. LEXIS 1348, at *11-12 (S.D.N.Y. Feb. 8,

1993) (holding that "the ADEA is the exclusive federal remedy for complaints alleging discrimination based on age" and thus preempts § 1983 claim for age discrimination), *and Tranello* v. *Frey*, 758 F. Supp. 841, 851 n.3 (W.D.N.Y. 1991) (same), *aff'd on other grounds*, 962 F.2d 244 (2d Cir. 1992).[8]  And, indeed, "the recent trend favors a conclusion of no preemption."  *Purdy* v. *Town of Greenburgh*, 166 F. Supp. 2d 850, 868 (S.D.N.Y. 2001); *see, e.g.*, *Anand*, 2013 U.S. Dist. LEXIS 104424, at *18-19; *Shapiro*, 561 F. Supp. 2d at 420. Defendants submit, however, that the reasoning of those district courts in this Circuit that have determined that the ADEA does not preempt § 1983 claims for age discrimination is flawed and should not be followed here.

Specifically, in reaching their conclusion of no preemption, these district courts have pointed primarily to the Second Circuit's holding, in *Saulpaugh* v. *Community Hospital*, 4 F.3d 134, 143-44 (2d Cir. 1993), that Title VII does not preempt a § 1983 claim for gender discrimination in violation of the Equal Protection Clause.  *See, e.g.*, *Shapiro*, 561 F. Supp. 2d at 420; *Donlon*, 2007 U.S. Dist. LEXIS 93492, at *8; *Purdy*, 166 F. Supp. 2d at 868.  In the view of these district courts, "there is no reason to distinguish between the ADEA and Title VII in this respect."  *Shapiro*, 561 F. Supp. 2d at 420; *see, e.g.*, *Donlon*, 2007 U.S. Dist. LEXIS 93492, at *8; *Purdy*, 166 F. Supp. 2d at 868.

But, as the Ninth Circuit explained in *Ahlmeyer*, 555 F.3d at 1058-59 -- a decision that, notably, has not been cited by any district court in this Circuit in undertaking the ADEA preemption inquiry -- such reasoning is faulty.  In truth, "the ADEA is structurally and functionally distinct from Title VII."  *Ahlmeyer*, 555 F.3d at 1058-59 (noting that "[i]n important ways . . . Title VII and the ADEA do differ," and that, in particular, "the narrower scope of the

---

[8] *See also, e.g.*, *Gregor* v. *Derwinski*, 911 F. Supp. 643, 651 (W.D.N.Y. 1996) (holding that ADEA provides the exclusive federal remedy for age discrimination and therefore preempts claims for age discrimination under 42 U.S.C. § 1985).

ADEA is reflected in the more limited relief Congress afforded plaintiffs" in comparison with Title VII); *see also, e.g.*, *Zombro*, 868 F.2d at 1370 n.5 (noting that "the legislative history of Title VII reveals that Congress did not intend the comprehensive statutory scheme of Title VII to operate to the exclusion of Fourteenth Amendment claims of racial discrimination brought by public sector employees," but finding "no comparable evidence of congressional intent to support § 1983 equal protection challenges in the area of age discrimination concurrent with the comprehensive remedial framework of the ADEA").  Thus, despite what certain district courts in the Second Circuit have concluded, "the availability of § 1983 claims to Title VII plaintiffs is not determinative" as to whether § 1983 also should be available for claims of age discrimination. *Ahlmeyer*, 555 F.3d at 1058-59.[9]  And it provides no basis for allowing Sandler's alleged § 1983 claims for age discrimination in this action.

In short, this Court should follow the better rule, the one adopted by all but one of the federal courts of appeals to consider the question, "and hold the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983."  *Id.* at 1057; *see Migneault*, 158 F.3d at 1140; *Lafleur*, 126 F.3d at 760; *Zombro*, 868 F.2d at 1369.  For this reason alone, Sandler's § 1983 claims against Alfar and Smoke should be dismissed with prejudice.

**B.    In Any Event, Count Two Should Be Dismissed Because Sandler's § 1983 Claim Is Not Based on a "Distinct Violation of a Constitutional Right"**

Moreover, even if the Court were to find that the ADEA does not preempt all § 1983 equal protection claims based on age discrimination, the law is clear that, to avoid dismissal, Sandler still "must base [her] age discrimination equal protection claim on a 'distinct violation of

---

[9] Even the Seventh Circuit, in rejecting the argument that the ADEA preempts § 1983 equal protection claims based on age discrimination, noted that "Title VII differs in a few significant ways [from the ADEA] and does not add much to our analysis."  *Levin*, 692 F.3d at 620 n.5.

a constitutional right.'" *Anand*, 2013 U.S. Dist. LEXIS 104424, at \*20; *see, e.g.*, *Thomas* v. *N.Y.C. Dep't of Educ.*, No. 10-CV-464, 2013 U.S. Dist. LEXIS 48271, at \*32-33 (E.D.N.Y. Mar. 29, 2013).  And she cannot use § 1983 to gain "an advantage not available to an ADEA claimant." *Anand*, 2013 U.S. Dist. LEXIS 104424, at \*21-22; *see also, e.g.*, *Saulpaugh*, 4 F.3d at 143 (holding that a plaintiff "cannot use Section 1983 to gain perceived advantages not available to a Title VII claimant").

Here, Sandler's purported § 1983 claims fail on both counts.  Rather than pointing to a "distinct constitutional violation," they rely on "the very facts upon which [Sandler] bases her . . . claim under the ADEA." *Thomas*, 2013 U.S. Dist. LEXIS 48271, at \*33-34; *see, e.g.*, *Anand*, 2013 U.S. Dist. LEXIS 104424, at \*20-21; (Cplt. ¶¶ 59-66).  In addition, because her ADEA claim must be dismissed on Eleventh Amendment grounds, *see supra* Point I, allowing Sandler to plead an age-based equal protection claim here would, impermissibly, grant her an advantage unavailable to an ADEA claimant.  *Anand*, 2013 U.S. Dist. LEXIS 104424, at \*21-22; *see id.* at \*22 (noting that "[a]llowing an age based equal protection claim allows [plaintiff] to plead a claim against the individuals that is difficult to distinguish from an ADEA claim, because . . . courts considering equal protection claims based on age use the identical analysis that they use in an ADEA claim," but permitting § 1983 claim to proceed where it "fails on other grounds").  Thus, on this basis, too, her § 1983 claims in this action fail as a matter of law.

Accordingly, for all these reasons, Count Two -- Sandler's § 1983 claim for age discrimination against Alfar and Smoke -- should be dismissed, in its entirety and with prejudice, on preemption grounds.

## POINT III

## SANDLER HAS FAILED TO ADEQUATELY ALLEGE ANY OF HER CLAIMS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

This means, as relevant here, that "[o]n a motion to dismiss an employment discrimination claim, 'a plaintiff need not plead the specific facts necessary to establish a *prima facie* case, [however,] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.'" *Loksen* v. *Columbia Univ.*, No. 12 Civ. 7701, 2013 U.S. Dist. LEXIS 144844, at *28 (S.D.N.Y. Oct. 4, 2013) (quoting *Mazurkiewicz* v. *N.Y.C. Health & Hosps. Corp.*, No. 09 Civ. 5962, 2010 U.S. Dist. LEXIS 107697, at *11 (S.D.N.Y. Sept. 16, 2010)) (alteration in *Loksen*) (internal quotation marks omitted); *see, e.g.*, *Barbosa* v. *Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010). "The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Romaine* v. *N.Y.C. Coll. of Tech. of the City Univ. of N.Y.*, No. 10-CV-431, 2012 U.S. Dist. LEXIS 76523, at *8 (E.D.N.Y. May 30, 2012) (quoting *Chacko* v. *Worldwide Flight Servs., Inc.*, No. 08-CV-2363, 2010 U.S. Dist. LEXIS 9103, at *10 (E.D.N.Y. Feb. 3, 2010)) (internal quotation marks omitted); *see also, e.g.*, *Kurian* v. *Forest Hills Hosp.*, No. 12-CV-4539, 2013 U.S. Dist. LEXIS 99120, at *17 (E.D.N.Y. July 15, 2013) (noting that "these elements can still 'provide [a helpful] outline of what is necessary to

render [a plaintiff's] claims for relief plausible'") (alterations in *Kurian*); *King* v. *U.S. Sec. Assocs.*, No. 11 Civ. 4457, 2012 U.S. Dist. LEXIS 133339, at *12 (S.D.N.Y. Aug. 22, 2012) (holding that, to survive a motion to dismiss, "a plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case"), *adopted by* 2012 U.S. Dist. LEXIS 133345 (S.D.N.Y. Sept. 18, 2012).

Under these governing standards, Sandler has failed to plead sufficient facts to allege any of her claims against Defendants. Along with the Eleventh Amendment and preemption bars already discussed, the Complaint should be dismissed in its entirety for this reason as well.

### A.   Sandler Has Failed to State a Claim for Age-Based Employment Discrimination

As noted, Sandler alleges four causes of action in her Complaint: (i) an ADEA claim against CUNY; (ii) § 1983 claims against Alfar and Smoke; (iii) NYSHRL claims against all Defendants; and (iv) NYCHRL claims against all Defendants. (Cplt. ¶¶ 59-72.) Each of these claims is premised on Sandler's assertion that "Defendants refused to reappoint Dr. Sandler as an adjunct faculty member . . . on the basis of her age." (*Id.* ¶ 1; *see id.* ¶¶ 59-72.) And each is subject to essentially identical legal requirements. *See, e.g.*, *Anand*, 2013 U.S. Dist. LEXIS 104424, at *20-22 (noting that courts apply "the identical analysis" to § 1983 claims based on age that they use in assessing an ADEA claim); *Anderson* v. *Davis, Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012) ("Employment discrimination claims brought under . . . the NYSHRL[] and the NYCHRL are generally analyzed under the same evidentiary framework that applies to . . . ADEA claims." (alterations and omissions in *Anderson*)).

To avoid dismissal on pleading grounds as to any of these claims, Sandler must, among other things, allege sufficient facts to "give rise to a plausible inference of age discrimination." *Nance* v. *City of New York*, 09-CV-2786, 2011 U.S. Dist. LEXIS 75903, at *11-12 (S.D.N.Y.

July 14, 2011).  And, notably, "a plaintiff alleging age discrimination must demonstrate that age was the 'but-for' cause of the adverse action" at issue.  *Barbosa*, 716 F. Supp. 2d at 217 (citing *Gross* v. *FBL Fin. Servs., Inc.*, 555 U.S. 167, 175-78 (2009), and *Leibowitz* v. *Cornell Univ.*, 584 F.3d 487, 498 n.2 (2009)).  The allegations in the Complaint fall short of those requirements here.

"Stripped down to its essence, the complaint alleges merely that [Sandler]'s replacement and two other teachers at [Hunter College] were . . . younger than [Sandler] and received better treatment than she did."  *Nance*, 2011 U.S. Dist. LEXIS 75903, at *12.  Specifically, Sandler alleges in the Complaint that she is currently 65 years old; that, at the end of the 2010-11 academic year, she was not reappointed as an Adjunct Assistant Professor of English at Hunter College; that "a 35 year old male graduate student who does not have a Ph.D. and is significantly less qualified than [her] was appointed to teach the courses that had already been assigned to her"; that two other adjunct professors in the English Department were not reappointed at the same time; and that the replacements for these two other adjuncts were also younger and "far less qualified."  (Cplt. ¶¶ 20-58); *see supra* pp. 3-4.

But, for all relevant purposes, Sandler alleges nothing more.  The Complaint points to no ageist remarks by Alfar, Smoke, or any other Hunter College employee.  *See, e.g.*, *Adams* v. *N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 465 (S.D.N.Y. 2010) (dismissing age discrimination claim where, among other things, "complaint does not allege any ageist remarks by" defendants); *Zucker* v. *Five Towns Coll.*, No. 09-CV-4884, 2010 U.S. Dist. LEXIS 85441, at *8 (E.D.N.Y. Aug. 18, 2010) (dismissing age discrimination where, among other things, plaintiff "does not allege that Defendants . . . made ageist comments").[10]  And, aside from conclusory assertions that

---

[10] Sandler does allege that, at some unspecified time during her approximately nineteen-year tenure at Hunter, an unnamed "English Department Chair at another CUNY college" told her, in response to

"Defendants' explanations for Dr. Sandler's dismissal . . . are blatantly pretextual and not worthy of credence" (Cplt. ¶ 50) and that "Defendants' decision not to reappoint Dr. Sandler was a furtherance of Defendant Alfar's and Smoke's discriminatory agenda to purge older individuals from the Department's adjunct ranks" (*id.* ¶ 51), the Complaint does not provide, as it must, any factual allegations whatsoever that Defendants "w[ere] 'actually motivated' by age.'" *Mitchell-White* v. *Northwest Airlines, Inc.*, 446 F. App'x 316, 318-19 (2d Cir. 2011) (noting that such "[n]aked assertions . . . without further factual allegations from which to infer such motives are insufficient to withstand a motion to dismiss"), *cert. denied*, 132 S. Ct. 2432 (2012).

Such paltry allegations are not enough to state an age discrimination claim under the Equal Protection Clause, the ADEA, the NYSHRL, or the NYCHRL.  As several district courts in this Circuit have held, "allegations that plaintiff performed satisfactorily and was replaced with a younger person merely allow for the possibility that age discrimination was at work but do not raise that possibility above a speculative level." *Payne* v. *Malemathew*, No. 09-CV-1634, 2011 U.S. Dist. LEXIS 80649, at *8 n.3 (S.D.N.Y. July 22, 2011); *see, e.g.*, *Nance*, 2011 U.S. Dist. LEXIS 75903, at *12 (holding that "an allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss"); *Zucker*, 2010 U.S. Dist. LEXIS 85441, at *5-6 (holding that "allegations that [plaintiff] performed his job satisfactory, and that the College then fired him and replaced him with someone younger, by themselves, fail to raise his 'right to relief above [a] speculative level'"); *Foster* v. *Humane Soc'y of Rochester & Monroe Cnty.*, 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010) (holding that

---

Sandler's inquiry as to why she had not interviewed for a full-time teaching position, that "we don't want someone of your age, we want younger people."  (Cplt. ¶ 30.)  Such alleged remarks, having nothing to do with the Defendants here or the challenged employment action at issue, do nothing to help Sandler's cause in this action.  *See, e.g.*, *Britt* v. *Merrill Lynch & Co.*, No. 08 CV 5356 (GBD), 2011 U.S. Dist. LEXIS 96881, at *34-35 & n.29 (S.D.N.Y. Aug. 26, 2011); *De La Cruz* v. *City of New York*, 783 F. Supp. 2d 622, 643 (S.D.N.Y. 2011).

plaintiff's allegation "that she was replaced by a woman in her early thirties . . . is not enough to give rise to an age discrimination claim"); *Liburd* v. *Bronx Lebanon Hosp. Ctr.*, No. 07 Civ. 11316, 2008 U.S. Dist. LEXIS 62867, at *17 (S.D.N.Y. Aug. 18, 2008) ("Although Liburd alleges that she was replaced by a younger employee, this, without more, is not enough to survive a motion to dismiss.").

If these sorts of allegations were sufficient, courts have explained, "then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace the employee with someone younger, without exposing itself to potential liability for age discrimination. That is not the law." *Foster*, 724 F. Supp. 2d at 391; *see, e.g.*, *Payne*, 2011 U.S. Dist. LEXIS 80649, at *9 n.3 (noting that, if a contrary rule applied, "because everyone is a member of protected classes, employers could avoid an inference of discrimination only by replacing fired employees with 'virtual clone[s]' of the terminated employee"); *Zucker*, 2010 U.S. Dist. LEXIS 85441, at *6-7 (noting that a contrary rule would "enable[e] nearly every fired employee to subject his employer to burdensome, expensive discovery").

That Sandler has also included allegations that two other adjunct professors were replaced with younger, less experienced employees and that this was all part of Defendants' "discriminatory agenda to purge older employees from the Department's adjunct ranks" (Cplt ¶¶ 1-5, 32-36) does nothing to change the analysis here. *See, e.g.*, *Nance*, 2011 U.S. Dist. LEXIS 75903, at *2-3, *11-12 (holding that plaintiff failed to state an age discrimination claim despite allegations not only that she was replaced by a younger teacher, but also that, at the same time, another younger, less experienced teacher was hired and a yet another younger employee also "received better treatment than she did"). Likewise, Sandler's "largely conclusory allegations of

pretextual criticism do not amplify h[er] claims enough to survive Defendants' Rule 12(b)(6) motion." *Zucker*, 2010 U.S. Dist. LEXIS 85441, at *9; (*see* Cplt. ¶¶ 1-5, 50-51).[11]

Accordingly, for all these reasons, dismissal of the Complaint, in its entirety, for failure to state a viable age discrimination claim is fully warranted.

### B.    Each of Sandler's Claims Against Smoke Fails for Lack of the Requisite Personal Involvement

In addition, each of Sandler's individual-capacity claims against Smoke, under § 1983, the NYSHRL, and the NYCHRL, should be dismissed for failure to allege the requisite personal involvement. *See, e.g.*, *White* v. *Olivar*, No. 11 Civ. 3725 (GBD) (MHD), 2012 U.S. Dist. LEXIS 97983, at *5-6 (S.D.N.Y. July 12, 2012) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"); *Britt*, 2011 U.S. Dist. LEXIS 96881, at *43 (noting that "individuals may be held liable under NYSHRL and NYCHRL if they 'actually participated in the conduct giving rise to the discrimination claim'").

The Complaint does not come close to stating a claim against Smoke here. Instead, it alleges only that Smoke was Alfar's "lieutenant"; that she was one of the members of the Hunter College English Department's Personnel and Budget Committee; and that, "[o]n information and belief, she has a management role in the hiring and reappointment of adjunct faculty and assists Defendant Alfar in making decisions." (Cplt. ¶¶ 2, 12-13.) Sandler asserts explicitly, however, that it was Alfar who "was responsible" for her removal. (*Id.* ¶ 36; *see id.* ¶ 11 (alleging that Alfar "is responsible for managing all aspects of the Department's adjunct faculty program, including hiring and firing decisions").) And, notably, in Sandler's EEOC charge, Smoke is

---

[11] It should also be noted that where, as here, "plaintiff was already in the protected class when hired," and every time she was reappointed as an Adjunct Assistant Professor at Hunter College, any "inferences of age discrimination are substantially weakened." *Nance*, 2011 U.S. Dist. LEXIS 75903, at *12-13.

never once mentioned.  (Ex. 5 at 3.)[12]  These allegations fall well short of what is required to

state a cause of action for individual liability under § 1983, the NYSHRL, or the NYCHRL.  *See,*

*e.g.*, *White*, 2012 U.S. Dist. LEXIS 9793, at *5-6; *Saunders* v. *NYC Dep't of Educ.*, No. 07 CV

2725, 2010 U.S. Dist. LEXIS 4544, at *25-27 (E.D.N.Y. Jan. 19, 2010).

Thus, on this basis as well, all of Sandler's claims against Smoke, in Counts Two, Three,

and Four of the Complaint, should be dismissed.

### POINT IV

### SANDLER'S CLAIMS AGAINST ALFAR AND SMOKE ARE ALSO BARRED ON QUALIFIED IMMUNITY GROUNDS

Even if the Court were to find that Sandler has adequately alleged any of his claims,

dismissal would still be warranted here, as to the individual defendants, on qualified immunity

grounds.

Qualified immunity under federal law  -- which ought to be decided "at the earliest

possible opportunity," *Diggs* v. *Marikah*, No. 11 Civ. 6382, 2012 U.S. Dist. LEXIS 38483, at

*14 (S.D.N.Y. Mar. 20, 2012) -- "shields government officials from civil damages liability

unless the official violated a statutory or constitutional right that was clearly established at the

time of the challenged conduct."  *Reichle* v. *Howards*, 132 S. Ct. 2088, 2093 (2012).  Similarly,

"New York law . . . grant[s] government officials qualified immunity on state-law claims except

where the officials' actions are undertaken in bad faith or without a reasonable basis."  *Papineau*

v. *Parmley*, 465 F.3d 46, 63 (2d Cir. 2006).[13]  Under either standard, the defendant's entitlement

---

[12] *See, e.g.*, *Lang* v. *N.Y.C. Health & Hosps. Corp.*, No. 12 Civ. 5523, 2013 U.S. Dist. LEXIS 126876, at *5 (S.D.N.Y. Sept. 5, 2013) ("It is proper for courts to consider a plaintiff's relevant filings with the EEOC in deciding a motion to dismiss, 'without converting the proceeding to one for summary judgment.'"); (Cplt. ¶ 16 (referencing EEOC charge)).

[13] The immunity offered under New York state law, in fact, "affords public officials considerably greater protection" than does the federal standard.  *Hirschfeld* v. *Spanakos*, 909 F. Supp. 174, 180 (S.D.N.Y. 1995).

to qualified immunity "depends on the reasonableness of his actions."  *5 Borough Pawn, LLC* v. *City of New York*, 640 F. Supp. 2d 268, 286 (S.D.N.Y. 2009); *see Reichle*, 132 S. Ct. at 2093 ("To be clearly established, a right must be sufficiently clear 'that every "reasonable official would [have understood] that what he is doing violates that right."'").

For the same reasons that she has failed to state any of her age discrimination claims, Sandler has certainly failed to allege that the defendants' actions here were "objectively unreasonable" under existing precedent.   That is true of her § 1983 claims under the Equal Protection Clause. *See, e.g.*, *United States* v. *City of New York*, 683 F.Supp.2d 225, 269-270 (E.D.N.Y. 2010), *aff'd in part and vacated in part on other grounds*, 717 F.3d 72 (2d Cir. 2013).  And it is equally true with respect to her NYSHRL and NYCHRL claims.  *See, e.g.*, *United States* v. *City of New York*, 683 F.Supp.2d at 270-271 (E.D.N.Y. 2010).

## POINT V

## TO THE EXTENT ANY STATE AND CITY LAW CLAIMS REMAIN, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THEM

Finally, because all of Sandler's claims under federal law are plainly barred here -- under the Eleventh Amendment (as to the ADEA and any official-capacity § 1983 claims), preemption doctrine (as to the § 1983 claims), and on pleading grounds (as to all her claims) -- the Court should also decline to exercise supplemental jurisdiction over her NYSHRL and NYCHRL claims, should any of those state and city law claims still remain after resolution of this motion. 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Klein & Co. Futures, Inc.* v. *Bd. of Trade*, 464 F.3d 255, 262-63 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."), *cert. granted*, 550 U.S. 956, *cert. dismissed*, 552 U.S. 1085 (2007).

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and the Complaint

should be dismissed in its entirety.

Dated: New York, New York
      November 22, 2013

                               ERIC T. SCHNEIDERMAN
                               Attorney General of the State of New York
                               *Attorney for Defendants*

                               By:
                               /s/ *William J. Taylor, Jr.*
                               William J. Taylor, Jr.
                               Assistant Attorney General
                               120 Broadway, 24th Floor
                               New York, New York 10271
                               (212) 416-8426
                               william.taylor@ag.ny.gov