UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE R. SANDLER, Ph.D.,<br><br>                              Plaintiff,<br><br>          - against -<br><br>CRISTINA L. ALFAR and HUNTER COLLEGE OF<br>THE CITY UNIVERSITY OF NEW YORK,<br><br>                              Defendant. | 13-cv-6284 (GBD)<br><br>**ANSWER** |

Defendant Cristina L. Alfar ("Alfar" or "Defendant"), by her attorney, Eric T.

Schneiderman, Attorney General of the State of New York, for her Answer to the First Amended

Complaint, dated December 10, 2013, (Docket No. 14) (the "Amended Complaint") of plaintiff

Natalie R. Sandler, Ph.D. ("Sandler" or "Plaintiff"), states as follows[1]:

Defendant denies the allegations contained in each unnumbered paragraph and heading

contained in the Amended Complaint, except admits that the Amended Complaint purports to set

forth claims against Defendant.

Defendant denies any allegations in the Amended Complaint that are not specifically

addressed herein.  This Answer is based upon information currently available to Defendant, and

Defendant reserves the right to supplement or amend the Answer as needed.

1.      Defendant denies the allegations in paragraph 1 of the Amended Complaint,

except admits that Plaintiff purports to bring claims in this action against Defendant for monetary

relief, and denies that such claims have any legal or factual merit.

---

[1] This Answer is submitted only on behalf of Alfar in her individual capacity.  By stipulation of the
parties, which was so ordered by the Court on February 5, 2014, all other claims alleged in the Amended
Complaint -- *i.e.*, all claims against former defendant the City University of New York (sued as Hunter
College of the City University of New York) ("CUNY"), as well as all claims against Alfar in her official
capacity -- were dismissed with prejudice.  (Docket No. 24.)

2.      Defendant denies the allegations in paragraph 2 of the Amended Complaint.

3.      Defendant denies that allegations in paragraph 3 of the Amended Complaint.

4.      Defendant denies that allegations in paragraph 4 of the Amended Complaint, except admits that a letter signed by Defendant was issued to Plaintiff dated April 29, 2011, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

5.      Defendant denies the allegations in paragraph 5 of the Amended Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age, and admits that Plaintiff is a former Adjunct Assistant Professor at Hunter College.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, except admits that Plaintiff was an Adjunct Assistant Professor at Hunter College.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Amended Complaint, except affirmatively states that Hunter College is a senior college of CUNY which is not a legally cognizable entity separate and apart from CUNY, and admits that Hunter College's administrative offices are located at 695 Park Avenue, New York, New York 10065.

10.     Paragraph 10 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11 of the Amended Complaint,

except admits that Alfar has served as Chair of the Department of English at Hunter College since 2005.

12.     Defendant denies the allegations in paragraph 12 of the Amended Complaint, except admits that Alfar is a member of the Hunter College English Department's Personnel and Budget Committee and that the Hunter College English Department's Personnel and Budget Committee made the decision not to appoint Plaintiff as an Adjunct Assistant Professor in the Hunter College Department of English.

13.     Paragraph 13 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 13, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the statutory provision cited therein.

14.     Paragraph 14 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 14, except admits that Plaintiff purports to assert venue in this Court under the statutory provision cited therein, and affirmatively states that Hunter College is a senior college of CUNY which is not a legally cognizable entity separate and apart from CUNY and that Hunter College's administrative offices are located in the State and County of New York.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, except admits upon information and belief that Plaintiff filed a charge of discrimination against Hunter College with the United States Equal Employment Opportunity Commission (the "EEOC").

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, except admits upon

3

information and belief that the EEOC issued a Dismissal and Notice of Rights to Plaintiff and respectfully refers the Court to that document for a complete and accurate statement of its contents.

17.     Paragraph 17 of the Amended Complaint alleges legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 17, except admits that Plaintiff purports to invoke the supplemental jurisdiction of this Court under the statutory provision cited therein.

18.     Paragraph 18 of the Amended Complaint asserts legal conclusions as to which no response is required. To the extent any response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, except admits that Plaintiff was an Adjunct Assistant Professor in the English Department at Hunter College, and admits that Plaintiff has taught courses on Shakespeare, Western Literary Backgrounds, and Introduction to Literature.

20.     Defendant denies the allegations in paragraph 20 of the Amended Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Amended Complaint,

except admits that Plaintiff was an Adjunct Assistant Professor in the English Department at Hunter College, and admits that Plaintiff has taught courses on Shakespeare, Western Literary Backgrounds, and Introduction to Literature

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and respectfully refers the Court to the referenced documents for a complete and accurate statement of their contents.

27.    Defendant denies the allegations in paragraph 27 of the Amended Complaint, except admits that a letter signed by Defendant was issued to Plaintiff dated April 29, 2011, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

28.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, except admits upon information and belief that (a) as of September 1, 2011, there were 121 adjuncts appointed to teach in the English Department at Hunter College, 118 of whom had their birthdates and sex on file with Hunter College's Human Resources office, and (b) of those 118 adjuncts, (i) 85 were women and 33 were men and (ii) 40 were age 50 or older, 21 were age 60 or older, and 5 were age 70 or older.

31.    Defendant denies the allegations in paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Amended Complaint, except admits upon information and belief that, as of spring 2011, Trevor Jockims did not have a Ph.D. although he had two Master's degrees and has taught upper-level courses including courses on Shakespeare, world humanities, and critical reading at four different four-year colleges.

33.     Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the ages of individuals referenced.

35.     Defendant denies the allegations in paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Amended Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, except admits that Defendant advised Plaintiff regarding issues with her course syllabi, and respectfully refers the Court to the referenced "position statement" and the other referenced documents for a complete and accurate statement of their contents.

39.     Defendant denies the allegations in paragraph 39 of the Amended Complaint, except admits upon information and belief that, at some point, pages were added to Plaintiff's syllabus.

40.     Defendant denies the allegations in paragraph 40 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 40, and respectfully refers the Court to

the referenced "student evaluations" for a complete and accurate statement of their contents.

41.     Defendant denies the allegations in paragraph 41 of the Amended Complaint, except admits that Plaintiff was often unresponsive to English Department and student efforts to reach her (including by e-mail, phone, and through notes left in her Departmental mailbox) concerning Departmental and course-related issues, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff was present during daytime hours at Hunter College and to the truth of the allegations concerning the frequency with which Plaintiff checked her Departmental mailbox.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 43.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint, except admits upon information and belief that Plaintiff did not make sufficiently meaningful efforts to finalize a date for her performance evaluation conference in the spring of 2011, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what CUNY "contend[s]," and respectfully refers the Court to CUNY's April 6, 2012 position statement to the EEOC in response to Plaintiff's charge of discrimination (from which the quoted passage in paragraph 45 appears to be taken) for a complete and accurate statement of its contents.

7

46.     Defendant denies the allegations in paragraph 46 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 46.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Amended Complaint, except admits upon information and belief that, at Defendant's request, Thomas Taylor, the Hunter College English Department's Administrative Specialist, called Plaintiff at home regarding the scheduling of her performance evaluation conference, that Mr. Taylor left Plaintiff a voice message, that Plaintiff never responded to the message, and that the conference was not held.

49.     Defendant denies the allegations in paragraph 49 of the Amended Complaint, except admits that, on April 28, 2011, Defendant sent Plaintiff an e-mail, directed to Plaintiff's Hunter College e-mail address, and respectfully refers the Court to that e-mail for a complete and accurate statement of its contents.

50.     Defendant denies the allegations in paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Amended Complaint, except admits that three adjunct assistant professors and/or adjunct lecturers who were employed in the Hunter College English Department in the spring of 2011 were not appointed for fall 2011, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the adjuncts' ages.

52.     Defendant denies the allegations in paragraph 52 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the

allegations regarding the statements and/or descriptions of "[o]ne former staff member."

53.    Defendant denies the allegations in paragraph 53 of the Amended Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Amended Complaint.

59.    With respect to paragraph 59 of the Amended Complaint, Defendant repeats and realleges the responses in paragraphs 1 through 58 of this Answer.

60.    Defendant denies the allegations in paragraph 60 of the Amended Complaint.

61.    Defendant denies the allegations in paragraph 61 of the Amended Complaint.

62.    Defendant denies the allegations in paragraph 62 of the Amended Complaint.

63.    Defendant denies the allegations in paragraph 63 of the Amended Complaint.

64.    Defendant denies the allegations in paragraph 64 of the Amended Complaint.

65.    Paragraph 65 of the Amended Complaint contains no factual allegations but alleges only legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 65 of the Amended Complaint.

66.    No response is required to the allegations in paragraph 66 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 66 as the Second Cause of Action was never asserted against her.  To the extent any response is required, Defendant repeats and realleges the responses in paragraphs 1 through 65 of this Answer.

67.     No response is required to the allegations in paragraph 67 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 67 as the Second Cause of Action was never asserted against her.  To the extent any response is required, the allegations in paragraph 67 are denied.

68.     No response is required to the allegations in paragraph 68 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 68 as the Second Cause of Action was never asserted against her.  To the extent any response is required, the allegations in paragraph 68 are denied.

69.     No response is required to the allegations in paragraph 69 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 69 as the Second Cause of Action was never asserted against her.  To the extent any response is required, the allegations in paragraph 69 are denied.

70.     No response is required to the allegations in paragraph 70 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 70 as the Second Cause of Action was never asserted against her.  To the extent any response is required, the allegations in paragraph 70 are denied.

71.     No response is required to the allegations in paragraph 71 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 71 as the Second Cause of Action was

never asserted against her.  To the extent any response is required, the allegations in paragraph 71 are denied.

72.     No response is required to the allegations in paragraph 72 of the Amended Complaint as the Second Cause of Action has been dismissed.  In addition, no response by Alfar is required with respect to the allegations in paragraph 72 as the Second Cause of Action was never asserted against her.  Paragraph 72 also contains no factual allegations but alleges only legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegation in paragraph 72 of the Amended Complaint.

73.     With respect to paragraph 73 of the Amended Complaint, Defendant repeats and realleges the responses in paragraphs 1 through 65 of this Answer.

74.     Paragraph 74 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 74 .

75.     Defendant denies the allegations in paragraph 75 of the Amended Complaint.

76.     With respect to paragraph 76 of the Amended Complaint, Defendant repeats and realleges the responses in paragraphs 1 through 58 of this Answer.

77.     Paragraph 77 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 77.

78.     Defendant denies the allegations in paragraph 78 of the Amended Complaint.

79.     With respect to the "Wherefore" clause on page 13 of the Amended Complaint, Defendant admits that the Amended Complaint purports to seek the relief stated therein but denies that Plaintiff is entitled to any such relief.

## Additional Defenses

For further and separate defenses to the causes of action alleged by Plaintiff in the Amended Complaint, and without admitting that Defendant has the burden of proof on any fact, issue, element of a cause of action, or any of these matters, or that anything stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations, Defendant alleges as follows.  Defendant reserves the right to amend these defenses and to assert additional defenses to the full extent permitted by law.

### FIRST ADDITIONAL DEFENSE

The Amended Complaint fails to state any claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### THIRD ADDITIONAL DEFENSE

Some or all of Plaintiff's claims and/or the relief she seeks are barred by the Eleventh Amendment to the United States Constitution.

### FOURTH ADDITIONAL DEFENSE

All decisions made by Defendant with respect to Plaintiff were made for legitimate, non-discriminatory reasons.

### FIFTH ADDITIONAL DEFENSE

All decisions made by Defendant with respect to Plaintiff had a rational basis and were rationally related to legitimate governmental interests.

### SIXTH ADDITIONAL DEFENSE

The injuries or damages allegedly sustained by Plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct Defendant is

not responsible.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff has not suffered any compensable damages as a result of the alleged conduct of Defendant.

## EIGHTH ADDITIONAL DEFENSE

Any injuries or damages alleged in the Amended Complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

## NINTH ADDITIONAL DEFENSE

Plaintiff's claims for damages are barred to the extent that she has failed to mitigate.

## TENTH ADDITIONAL DEFENSE

Some or all of the relief requested by Plaintiff is not available under the applicable statutes and causes of action.

## ELEVENTH ADDITIONAL DEFENSE

The Amended Complaint fails to allege an adequate basis upon which Plaintiff could recover punitive damages.

## TWELFTH ADDITIONAL DEFENSE

The Amended Complaint fails to allege an adequate basis upon which Plaintiff could receive declaratory and/or injunctive relief.

## THIRTEENTH ADDITIONAL DEFENSE

The Amended Complaint fails to allege an adequate basis upon which Plaintiff could recover costs, expenses, and/or attorneys' fees.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's Second Cause of Action, and her Third and Fourth Causes of Action insofar as

they concern claims against CUNY, were dismissed with prejudice by the Stipulation and Order filed February 5, 2014 (Docket No. 24).

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's First, Third, and Fourth Causes of Action insofar as they concern claims against Alfar in her official capacity were dismissed with prejudice by the Stipulation and Order filed February 5, 2014 (Docket No. 24).

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff is unable to state a claim pursuant to 42 U.S.C. § 1983 because her claims of age discrimination in employment brought under that statute are preempted and precluded by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

### EIGHTEENTH ADDITIONAL DEFENSE

Claims against Alfar are barred by qualified immunity.

### NINETEENTH ADDITIONAL DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### TWENTIETH ADDITIONAL DEFENSE

Some or all of Plaintiff's claims may be barred by her failure to exhaust available administrative remedies.

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant and dismiss the Amended Complaint in its entirety with prejudice, together with attorneys' fees and costs and such other relief as the Court deems just and proper.

Dated: New York, New York
       April 1, 2014

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendant*
By:
/s/ *William J. Taylor, Jr.*
William J. Taylor, Jr.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8426
william.taylor@ag.ny.gov